**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JULIO CESAR NAVAS, | ) | 3:18-cv-00040-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| KEVEN VAN RY, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff Julio Cesar Navas, who is incarcerated in Lovelock Correctional Center (LCC), a facility of the Nevada Department of Corrections (NDOC), filed his civil rights complaint pursuant to 42 U.S.C. § 1983 on January 24, 2018. The complaint was not accompanied by an application to proceed in forma pauperis (IFP) or the $350 filing fee.

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee:

> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

/ / /

/ / /

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **THIRTY (30) DAYS** from the date of this Order to either file his completed IFP application or pay the $350 filing fee.

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), or 28 U.S.C. § 1915A, or both. 28 U.S.C. § 1915(e)(2)(B) applies to a plaintiff proceeding IFP, and 28 U.S.C. § 1915A applies to complaints filed by prisoners who seek redress from a governmental entity or officer or employee of a governmental entity. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.

The court has undertaken a brief review of Plaintiff's complaint. If Plaintiff proceeds with his IFP application or pays the filing fee, it is likely the undersigned would recommend dismissal of the action for failure to state a claim upon which relief may be granted. Plaintiff names as defendants Thomas Quals and Kevin Van Ry. His allegations are somewhat vague, but as the court interprets them, he alleges in Count I that he was arrested in July 2002, and was subsequently convicted of a crime. Attorney Thomas Quals was appointed to file his direct criminal appeal. Plaintiff apparently lost his direct appeal, which he attributes to his appointed attorney. He goes on to allege in Count II that the attorney signed an affidavit on May 4, 2006, and knew Plaintiff was not guilty and defended him, but

agreed with what was said by the deputy district attorney. He claims he has been falsely incarcerated for sixteen years.

In Count III, he appears to refer to his criminal trial attorney Kevin Van Ry, and asserts that Van Ry conceded the charges the district attorney had against him; that he wanted to testify, but Van Ry advised him against it, and encouraged him to take a deal Plaintiff did not want to take. He seeks damages in the amount of $32 million, as well as his release from prison.

Plaintiff does not state a claim for relief under 42 U.S.C. § 1983. To state a claim under section 1983, Plaintiff must allege that a defendant acted under color of state law to deprive him of rights secured by the Constitution or federal statute. *See Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015). A defendant acts under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Plaintiff's allegations appear to implicate his appointed public defenders for both his underlying criminal trial, and direct appeal. When a public defender is acting in his or her role as advocate, they are not acting under color of state law for purposes of section 1983. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor). The Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Brillon*, 556 U.S. at 92.

Even if he had private counsel representing him, private parties do not act under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

In sum, if Plaintiff chooses to proceed with this action, he has **THIRTY (30) DAYS** from the date of this Order to submit a completed prisoner IFP application or pay the $350 filing fee. If he does so, for the reasons stated above, it is likely the undersigned will recommend dismissal of the action with prejudice for failure to state a claim upon which relief may be granted. If this occurs, Plaintiff will not have the $400 filing fee refunded (if he opts to pay), or will still have to pay the full $350 filing fee over time (if he opts to apply to proceed IFP). If Plaintiff does not pay the filing fee or file a completed IFP

application within thirty days, the court will assume Plaintiff does not want to proceed with this action and dismissal will be recommended.

**IT IS SO ORDERED.**

DATED: January 25, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE