UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIO CESAR NAVAS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KEVEN VAN RY, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:18-cv-00040-RCJ -WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

　　　This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　　Plaintiff is incarcerated in Lovelock Correctional Center (LCC), a facility of the Nevada Department of Corrections (NDOC), and filed his civil rights complaint pursuant to 42 U.S.C. § 1983 on January 24, 2018. The complaint, however, was not accompanied by either an application to proceed in forma pauperis (IFP) or the filing fee.

　　　On January 25, 2018, the undersigned issued an order advising Plaintiff of the need to do so, and that if he was unable to pay the entire filing fee, he was required to submit a certified copy of his trust fund account statement for the six-month period preceding the filing of the complaint. (ECF No. 3.) He was also sent the instructions for filing an application to proceed IFP by an inmate, which specifically advised him again that he must include a copy of his trust account statement for the preceding six months and a properly executed financial certified signed by an authorized officer at his institution. (ECF No. 3-1.) Finally, the court noted that once he either paid the filing fee or completed an IFP application, his complaint would be screened under 28 U.S.C. § 1915(e) or 28 U.S.C. § 1915A, or both. Plaintiff was advised that a preliminary review of his complaint had been undertaken, and that it did not appear he stated a claim for relief under 42 U.S.C. § 1983

because his allegations were directed at his appointed public defenders, who are not state actors for purposes of section 1983. As such, Plaintiff was notified that if he paid the filing fee or completed an IFP application, it was likely the undersigned would recommend dismissal of his action. He was cautioned that if he paid the filing fee it would not be refunded, and if he completed an IFP application, he would still be required to pay the filing fee over time when funds were available.

On February 5, 2018, Plaintiff filed an IFP application. (ECF No. 4.) The application, however, does not include a financial certificate signed by a person authorized on behalf of NDOC, indicating his average monthly balance and deposits for the preceding six months.

In light of Plaintiff's failure to follow the court's instructions regarding submitting a complete IFP application, it is recommended that this action be dismissed. Since Plaintiff fails to state any claim upon which relief may be granted, and amendment would not cure the deficiencies of his complaint, the dismissal should be with prejudice.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's IFP application (ECF No. 4), and **DISMISSING** this action **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: February 26, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE